IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DERRIOUS DE'CARLOS TAYLOR**                                         **PETITIONER**

V.                                                        Cause No. 3:17-cv-466-WHB-JCG

**BILLY SOLLIE**                                                      **RESPONDENT**

### REPORT AND RECOMMENDATION THAT 28 U.S.C. § 2241 PETITION FOR WRIT OF HABEAS CORPUS BE DISMISSED

BEFORE THE COURT is the *pro se* Petition of Derrious De'Carlos Taylor ("Petitioner") for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1). At the time the Petition was filed, Petitioner was a pretrial detainee at Lauderdale County Detention Facility in Meridian, Mississippi. Petitioner has since entered a guilty plea and been sentenced. Respondent Billy Sollie, the Sheriff of Lauderdale County, Mississippi, has filed a Motion to Dismiss (ECF No. 13), asserting that the Petition is moot. Petitioner did not respond to the Motion to Dismiss, and he did not respond to an Order to Show Cause requiring him to respond to the Motion to Dismiss. Having considered the submissions by Respondent, the record, and relevant legal authority, the undersigned United States Magistrate Judge concludes that the Petition is moot, and Respondent's Motion to Dismiss should be granted.

### BACKGROUND

Petitioner was indicted in state court on June 28, 2017, for conspiracy to commit the crime of possession of methamphetamine with intent, within a correctional facility (count one), conspiracy to commit the crime of possession of marijuana, with intent, within a correctional facility (count two), possession of

marijuana, more than thirty (30) grams but less one (1) kilogram, with intent, within a correctional facility (count three), and possession of methamphetamine, with intent, within a correctional facility (count four) (ECF No. 13-1). While a pretrial detainee, Petitioner filed his §2241 Petition, alleging that the State of Mississippi violated his constitutional right to a fast and speedy trial (ECF No. 1 at p. 7). Petitioner requested that the charges against him be dropped and that he be released from custody (ECF No. 8 &10).

Respondent moved to dismiss the Petition, urging that Petitioner was attempting to derail the state court proceedings and prematurely litigate constitutional claims in federal court (ECF No. 13). Respondent maintained that Petitioner did not exhaust available state court remedies with respect to his demand for a speedy trial before seeking relief in federal court.

Several months after Respondent filed his Motion to Dismiss and after the Court entered an Order to Show Cause requiring Petitioner to respond, Respondent informed the Court that Petitioner had entered a plea of guilty to the crime of possession of methamphetamine with intent to distribute (ECF No. 15). Petitioner was sentenced by the Circuit Court of Lauderdale County to fifteen years in the custody of the Mississippi Department of Corrections, with twelve years suspended, and five years reporting supervised probation. Upon the prosecution's motion, the Circuit Court entered an order to *nolle prosequi* the remaining counts of the indictment.

## ANALYSIS

A pretrial detainee's suit challenging his incarceration is properly brought pursuant to 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir. 1987). The "purpose of the writ [filed pursuant to § 2241] is not to examine the validity of any judgment, but merely to inquire into the legality of a detention." *Fain v. Duff,* 488 F.2d 218, 222 (5th Cir. 1973) (citations omitted).

Relief under § 2241 is limited. "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489 (1973) (citing *Ex parte Royall,* 117 U.S. 241, 253 (1886)). A petitioner is not permitted to derail "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 493.

The United States Supreme Court has drawn a distinction between a pretrial petitioner seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" and a petitioner seeking only to enforce the state's obligation to bring him promptly to trial. *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976) (citing *Braden*, 410 U.S. at 489-490). If a petitioner is attempting to dismiss the indictment against him or otherwise prevent prosecution of the case against him, then he is seeking to "abort a state proceeding or to disrupt the orderly

functioning of state judicial processes." *Id.* If the petitioner is attempting to "force the state to go to trial," then he is merely seeking to force the state to fulfill its obligation to provide petitioner with a prompt trial. *Id.* The former objective is generally not attainable through federal habeas corpus; the latter is. *Id.*

Although an action "is not moot simply because a § 2241 petitioner is no longer in custody," it is rendered moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bureau of Prisons,* 220 F. App'x 256, 257 (5th Cir. 2007) (citing *Bailey v. Southerland,* 821 F.2d 277, 278 (5th Cir. 1987) (finding §2241 petition moot where prisoner who asked to be released from confinement was released from confinement)); *see United States ex rel. Lynn v. Downer,* 322 U.S. 756, 756 (1944) (finding petition for writ of certiorari moot where petitioner was no longer in respondent's custody); *Salinas v. U.S. Marshals Serv.,* 111 F. App'x 782, 783 (5th Cir. 2004) ("because [petitioner] has already been released from federal custody, there is no relief this court can grant . . .").

In his Petition, Petitioner seeks a speedy trial. The Court cannot grant this relief. This request has been rendered moot because Petitioner has now been convicted and sentenced. *See Elmore v. Ford,* No. 2:11-cv-256-KS-MTP, 2012 WL 1715325 (S.D. Miss. Apr. 17, 2012), report and recommendation adopted, 2012 WL 1715308 (S. D. Miss. May 14, 2012) (affirming petition as moot where petitioner entered a guilty plea, was sentenced, and released from custody). Furthermore, Petitioner's request to have the charges against him dropped and to be released from custody was an attempt "to abort a state proceeding or to disrupt the orderly

functioning of state judicial processes," which is not available relief through habeas corpus absent special circumstances that are not present in this case. *See Dickerson,* 816 F.2d at 226.

## RECOMMENDATION

Respondent's Motion to Dismiss should be granted because the 28 U.S.C. § 2241 Petition is now moot.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Under Rule 72(a)(3), Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, after service of a copy of this Report and Recommendation, each party has fourteen days to serve and file with the Clerk any written objections to it. Within seven days of service of objections, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection. An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy is barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED**, this the 12th day of June, 2018.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE